IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>A & M DEVELOPMENT, LLC, HANS J. ALBERT, VIRGINIA FAITH ALBERT, LEONARD DE LOS PRADOS, CAROL DE LOS PRADOS, AND COMPANIA INVERSORA CORPORATIVA S.A. DE C.V.,<br><br>        Defendants. | Case No. 1:11-cv-00336-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion, under Rule 9(b) of the Federal Rules of Civil Procedure, to Dismiss Count III of Plaintiff's amended Complaint alleging that Defendants engaged in a fraudulent conveyance of real property (*Compl.* at 6, Dkt. 4). The Court also has before it Plaintiff's Motion to file a Response to Defendants' Reply (Dkt. 37). The Court has read and fully considered the briefing and related materials submitted by the parties, and has concluded that oral argument will not significantly aid in its decision. For the reasons explained below, the Court will deny both motions.

**BACKGROUND**

The instant motion arises from Plaintiff Bank of America's (BoA) claim that Defendant A&M ("Borrower") fraudulently transferred certain real property it owned (the "Whitewater Property") to Defendants Virginia Faith Albert, Leonard De Los

Prados, Carol De Los Prados, and Defendant Compania Inversora Corporativa (collectively, "transferees"). The facts recited in the Complaint and disclosed in the briefing are relatively few and are mostly undisputed.

On August 10, 2005, Borrower and BoA entered into an agreement whereby BoA lent Borrower approximately $1.2M toward the construction of a vacation home in Valley County, Idaho. The residence was, in fact, constructed, but Borrower defaulted on the agreement sometime before February 16, 2011, resulting in the sale of the Valley County Property on that date, and the application of the sale proceeds to the loan balance. Since the proceeds were insufficient to pay off the loan, BoA sought the amount of the deficiency in a state court action. That case was then removed to this Court on diversity grounds.

The alleged fraudulent transfer occurred on August 9, 2010, when Borrower transferred the Whitewater property to the transferees by warranty deed. BoA alleges that Borrower received no consideration for the transfer, and that the transfer was designed to frustrate its attempts to collect amounts owed by Borrower. Defendants' seek dismissal of the fraudulent conveyance count on the ground that the claim fails to meet the heightened pleading standards for fraud imposed by Rule 9(b) of the Federal Rules of Civil Procedure.

## ANALYSIS

**I.     BoA's fraudulent conveyance claim was stated in the alternative.**

Before turning to the legal standard governing the motion to dismiss, the Court will address Defendants' contention that, contrary to BoA's contention in its response

brief, BoA failed to divide its fraudulent conveyance claim into alternatives based upon "actual" and "constructive" fraud.

In their opening brief, Defendants treated BoA's fraudulent conveyance claim as one for common-law fraud. BoA's asserts that this was an error. Instead, BoA argues that their fraudulent conveyance count actually contains two distinct claims – one for avoidance of an "actually" fraudulent conveyance under I.C. §§ 55-906 and 55-913(1)(a) (so named because these statutes require proof of "actual intent" to frustrate collection), and one for avoidance of a "constructively" fraudulent conveyance under I.C. § 55-913(1)(b) (which does not require such proof). Because the fraudulent conveyance count does not use the term "constructive" or cite directly to I.C. § 55-913(1)(b), Defendants argue that BoA is attempting a backdoor amendment to the Complaint in order to cure the defects complained of in their motion.

Although BoA did not clearly separate its fraudulent conveyance count into distinct alternatives arising under the relevant statutes, the Amended Complaint puts Defendants on notice as to the existence of both a § 55-913(1)(a) claim and a § 55-913(1)(b) claim. Specifically, paragraph 29, contained in the fraudulent conveyance count, unmistakably tracks the language of § 55-913(1)(b)(1)-(2). Thus, the Amended Complaint sets forth claims for fraudulent conveyance based upon "actual intent" under I.C. §§ 55-906 and 55-913(1)(a) and, in the alternative, upon constructive intent under I.C. § 55-913(1)(b).

## II. Legal Standard

Before outlining the proper legal standard for the fraud claims at issue, the Court will briefly address two arguments raised by BoA bearing upon the appropriate legal standard: (1) whether FRCP 9(b) applies to claims to avoid a fraudulent transfer brought under the "constructive" prong of I.C. § 55-913(1)(b); and (2) whether a pleading which satisfies Form 21 of the Appendix of Forms attached to the Federal Rules of Civil Procedure satisfies Rule 9(b) as a matter of law under FRCP 84.

### *a. Applicability of Rule 9(b) to BoA's Constructive Fraud Claim*.

BoA urges this Court to hold that Rule 9(b) does not apply to allegations of "constructively" fraudulent transfers. BoA directs the Court to the decision in *In re Hodge*, cited above, in which the Court observed in a footnote that where a party was not required by the terms of the applicable statute to demonstrate the existence of fraudulent intent, the term "fraudulent conveyance" is a misnomer. 220 B.R. 386, 389 n.1 (D. Idaho 1998). BoA argues that the Court should extend this reasoning in order to conclude that Rule 9(b) should not apply to avoidance actions premised on constructive fraud. BoA acknowledges the absence of Ninth Circuit precedent on the applicability of Rule 9(b) to "constructive fraudulent transfer" claims, but cites several district court opinions adopting its preferred view, as well as a number of Bankruptcy court decisions construing analogous fraudulent transfer statutes.

BoA's arguments have some appeal, but in the absence of controlling precedent in this area the Court declines to hold that Rule 9(b) is inapplicable to allegations of "constructive" fraud. To do so would be to ignore the clear language of Idaho's fraudulent transfer statute, which states that "[a] transfer made or obligation incurred by a

debtor is **fraudulent** as to a creditor . . . if the debtor made the transfer . . . [with] actual intent . . . or [if the requisite badges of fraud are demonstrated]." I.C. § 55-913 (emphasis added). The clear import of the preamble to the constructive fraud cause of action created by § 55-913(1)(b) is that plaintiff can establish fraud *either* directly *or* by proving the existence of certain common fraud indicia. To hold that a plaintiff proceeding under § 55-913(1)(b) is not stating a claim sounding in fraud simply because it allows scienter to be proven indirectly would be to read the word "fraudulent" out of the statute. Thus, the Court concludes that the heightened pleading standards of Rule 9(b) are applicable to fraudulent transfer actions in which scienter is established constructively.

### b. *Whether a Fraudulent Transfer Claim that satisfies Form 21 satisfies Rule 9(b).*

BoA next argues that pleadings which supply the information required by Form 21 contained in the Appendix of Forms attached to the Federal Rules of Civil Procedure are presumed to satisfy Rule 9(b) per FRCP 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). Therefore, BoA argues that its actual fraud claim passes muster under the Rule because it easily supplies the information required by the Form.

BoA is correct that it has alleged the facts required by Form 21, which requires Plaintiff merely to identify the underlying debt and the allegedly fraudulent transfer. However, the Court cannot agree that Form 21obviates the heightened pleading requirements for fraud under Rule 9(b). By its own terms, Form 21 is designed to illustrate a "Claim . . . to Set Aside a Fraudulent Conveyance Under Rule 18(b)" (the

MEMORANDUM DECISION AND ORDER — 5

Federal Rule governing the joinder of claims). Moreover, the advisory committee notes following Rule 84 suggest that the purpose of providing the Forms was to prevent litigants from having to guess the meaning of the language of Rule 8 regarding the form of the complaint. The Court can find no controlling authority indicating that the Forms were intended to address the heightened pleading standard set forth in Rule 9(b). Finally, it is well-established in the Ninth Circuit that satisfaction of Rule 9(b) requires more than the mere identification of the neutral facts necessary to identify the transaction, *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997), which is contrary to the minimalist presentation "authorized" by Form 21.[1] Accordingly, the Court declines to hold that a claim sufficient to complete Form 21 satisfies Rule 9(b) as a matter of law.

### c. Legal Standard for Application of FRCP 9(b) to Fraudulent Conveyance.

The fraudulent conveyance claim raised by BoA is premised upon two Idaho statutes, I.C. § 55-906 and I.C. § 55-913. Section 55-906 requires a showing of "intent to delay or defraud any creditor," while I.C. § 55-913 provides two distinct pathways to liability. First, the Plaintiff-creditor may show that the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor," *Id.* § 55-913(1)(a). Second, the plaintiff-creditor may show that the transfer was made "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor [either] was engaged or was about to engage in a business or a transaction for which the

---

[1] The Court need not decide how much more a Plaintiff must allege, beyond what is minimally required by Form 21, in order to comply with Rule 9(b); the reasons given are sufficient to establish that the Form is not intended to address the application of Rule 9(b). However, the Court does note, in light of its analysis in Part III.a., that it may well be that the difference in what is required is fairly nominal for fraudulent transfer claims of the "actual intent" variety.

MEMORANDUM DECISION AND ORDER — 6

remaining assets of the debtor were unreasonably small in relation to the business or transaction; or [i]ntended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." *Id.* § 55-913(1)(b)(1)-(2).

Thus, a creditor proceeding under I.C. § 55-913 has the option of proving scienter either affirmatively or constructively by showing the presence of the specified "badges of fraud." *Mohar v. McLelland Lumber Co.*, 501 P.2d 722, 726 (Idaho 1972) ("Actual fraud must be proven by clear and convincing evidence; but when certain 'badges of fraud' attend the conveyance, and are not adequately explained, an inference of actual fraud may be warranted."). *See also In re Hodge*, 220 B.R. 386, 389 n.1 (D. Idaho 1998) (Noting that under I.C. § 55-913 it is not necessary for the party seeking avoidance of an allegedly fraudulent transfer to demonstrate that the transferor had any fraudulent intent).

At the pleading stage, Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud," although "intent . . . may be alleged generally." In order to satisfy Rule 9(b), "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (internal quotation marks omitted). A party may allege on information and belief under circumstances in which the required facts are peculiarly within the defendant's knowledge or control, but, should they do so, the party must still state the factual basis for the belief. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Although the elements of a fraudulent transfer claim differ

from those applicable to common-law fraud, plaintiffs still must allege the "who, what, when, where, and how" of the suspect transaction in order to survive a Rule 9(b) motion. *Id.* at 627; *Valvanis v. Milgroom*, 529 F.Supp.2d at 1198 (D. Hawaii 2007).

## III. Whether Count III of the Amended Complaint Satisfies Rule 9(b)

### a. *Actual Fraudulent Conveyance under I.C. §§ 55-906, 55-913(1)(a).*

Here, although BoA's fraudulent conveyance claim borrows heavily from the language of the relevant statutes, enough factual matter is alleged in the Complaint to put Defendants on notice of the claim and to allow them to prepare a defense. Specifically, BoA has identified the subject of the transfer, the identity of the transferor and the transferees, the date of the transfer, the method of the transfer, and the amount of the transfer. BoA has further identified the underlying debt owed to it by the transferor, and has alleged that the transfer of the Whitewater property was conducted purposefully in order to frustrate BoA's ability to collect it. This is all that the fraudulent transfer statutes require and, accordingly, all that Rule 9(b) requires.[2]

For these reasons, the Court holds that BoA has sufficiently stated a claim for avoidance of a fraudulent conveyance under I.C. § 55-906 and I.C. § 55-913(1)(a).

### b. *Constructive Fraudulent Conveyance under I.C. § 55-913(1)(b).*

For reasons similar to those expressed above, the Court finds that the Amended Complaint adequately pleads a claim for avoidance of a "constructively" fraudulent

---

[2] While Defendants assert that the transfer occurred in the absence of any knowledge on their part that the Whitewater property might be at risk, that averment is irrelevant to the adequacy of the pleadings. The same is true of Defendants' argument concerning the inclusion of the boilerplate phrase "for value received" on the warranty deed. On a motion to dismiss, all factual allegations contained in the Complaint are accepted as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

MEMORANDUM DECISION AND ORDER — 8

conveyance under I.C. § 55-913(1)(b). BoA supplied Defendants with the who, what, when, where, and how of the suspect transaction, the particulars of the underlying debt, and has alleged the existence of the requisite badges of fraud under the statute in lieu of pleading scienter directly. Specifically, BoA alleged that it was a creditor of the transferor, that the transferor conveyed the Whitewater property to the transferees without receiving a reasonably equivalent value in exchange for the transfer, and that in doing so the borrower rendered itself insolvent and/or rendered itself unable to pay its debts as they became due. Again, these allegations are sufficient to put Defendants on notice as to the relevant particulars of the claim so that they can prepare to meet it.

Moreover, while it is true that BoA alleged inadequate consideration on "information and belief," and its paragraph 29 primarily restates the terms of the statute, the amount and form of any consideration received is peculiarly within the knowledge of the Defendants in this case. Also BoA has plead the facts upon which its belief is based – namely, that borrower breached the promissory note and remains indebted upon it in an amount certain despite the transfer of the Whitewater property. This fact, taken as true for purposes of this motion, also supports BoA's otherwise conclusory allegations concerning the existence of the badges of fraud indicated in I.C. § 55-913(1)(b)(1)-(2).

For all these reasons, the Court finds that BoA's claim to avoid a constructively fraudulent transfer satisfies Rule 9(b).

**IV.    Whether BoA Should be given Leave to Respond to Defendants' Reply**

BoA requests that this Court allow it to file responsive briefing in order to answer

"new" arguments raised by Defendants in their reply (Dkt. 37). Given the Court's ruling on Defendant's motion to dismiss, the issue is moot, and no such supplementary briefing is necessary. Therefore, BoA's motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss Pursuant to F.R.C.P. Rule 9(b) (Dkt. 25) is **DENIED**.

2. Plaintiff's Motion to File Response to Defendants' Reply (Dkt. 37) is **DEEMED MOOT**.

DATED: May 21, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court