**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | Case No. 1:11-cv-00336-BLW |
| Plaintiff, | **ORDER VACATING WRIT OF ATTACHMENT AND EXONERATING BANK OF AMERICA'S UNDERTAKING ON ATTACHMENT** |
| vs. | |
| A & M DEVELOPMENT, LLC, HANS J. ALBERT, VIRGINIA FAITH ALBERT, LEONARD DE LOS PRADOS, CAROL DE LOS PRADOS, and COMPANIA INVERSORA CORPORATIVA S.A. De C.V., | |
| Defendants. | |

This matter having come before the Court on the Parties' Stipulated Motion for Order Vacating Writ of Attachment and Exonerating Bank of America's Undertaking on Attachment (Dkt. 52), and good cause appearing therefor,

It is hereby ORDERED and this does ORDER that the Motion is granted.

It is further ORDERED that:

1.      The Writ of Attachment issued by the Valley County District Court, a copy of which Writ of Attachment is attached hereto as **Exhibit A**, is hereby vacated, released and dissolved.

ORDER VACATING WRIT OF ATTACHMENT AND EXONERATING BANK OF AMERICA'S
UNDERTAKING ON ATTACHMENT - 1

2.      The bond posted as security by Bank of America, Bond # 015033656, a copy of which is attached hereto as **Exhibit B**, is hereby exonerated.

DATED: August 27, 2012

B. Lynn Winmill
Chief Judge
United States District Court

## FOURTH JUDICIAL DISTRICT COURT, STATE OF IDAHO

## IN AND FOR VALLEY COUNTY

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association,<br><br>                    Plaintiff,<br><br>vs.<br><br>A & M DEVELOPMENT, LLC,<br>HANS J. ALBERT,<br>VIRGINIA FAITH ALBERT,<br>LEONARD DE LOS PRADOS,<br>CAROL DE LOS PRADOS,<br>COMPANIA INVERSORA CORPORATIVA<br>     S.A. De C.V.,<br><br>                    Defendants. | Case No.<br><br>**WRIT OF ATTACHMENT** |

THE STATE OF IDAHO TO THE SHERIFF OF VALLEY COUNTY,

GREETINGS:

It appearing to the satisfaction of the Court from the documents on file herein that an Ex Parte Writ of Attachment should issue to you, to attach the real property identified on **Exhibit A** hereto (the "Property").

THEREFORE, WE COMMAND YOU, that immediately after receiving this Writ, you shall forthwith attach the Property pursuant to Idaho Code § 8-506 by recording this Writ, and the Clerk's Notice of Attachment (Idaho Code § 8-503(b)), which is attached as **Exhibit B** hereto, in the real property records for Valley County, Idaho; additionally, you shall effectuate the publication requirements in Idaho Code § 8-503(b). In lieu of posting of the Clerk's Notice of Attachment in the courthouse, the Clerk's Notice of Attachment shall instead be made available for viewing at the court clerk's office, upon request, for the required time of ten days from the issuance of this Writ.

WRIT OF ATTACHMENT - 1

EXHIBIT

A

YOU ARE FURTHER COMMANDED to, without delay, serve Defendants Virginia Faith Albert; Leonard De Los Prados; Carol De Los Prados; and Compania Inversora Corporativa S.A. de C.V. with copies of this Writ of Attachment, if said Defendants can be found; or if Defendants cannot be found, by leaving said Writ at the usual place of business of said Defendants, either with some person of suitable age or discretion, or if he does not have a known place of business, by mailing said Writ to the last-known address of said Defendants.

Attached hereto is an undertaking filed by Plaintiff in the amount of $10,000.00 to serve as security for any judgment that may be awarded to any of Defendants and for any damages any of Defendants may sustain if this Writ is subsequently determined to be wrongfully issued, as described in Idaho Code § 8-503. Any claim by any of Defendants against Plaintiff's bond must be made by motion to the Court, subject to Plaintiff's right to object to the motion.  In the event Defendants make no claim against Plaintiff's bond prior to the resolution of the above-captioned matter, the bond will be released upon Plaintiff's motion.  Defendants are hereby informed that they have the right to except to the bond provided by Plaintiff.

Defendants shall have the right to file a written undertaking for the redelivery of the property as provided in Section 8-506C, Idaho Codes.

DATED THIS 20 day of July, 2011.

Attest my hand and the seal of said court, the day and year last above written.

CHRISTIE N. BANBURY
CLERK

_____, Clerk

By: _Jayne Thompson_
Deputy Clerk

WRIT OF ATTACHMENT - 2

**EXHIBIT A**

## REAL PROPERTY TO BE ATTACHED

All that certain lot, piece or parcel of land, situate in Valley
County, Idaho, and shown as Lot 56 Block 13, Tamarack Resort
Planned Unit Development Phase 2.1, a plat which is recorded
in the office of the Recorder of Valley County, Idaho, and as
may be amended from time to time.

**EXHIBIT B**

## FOURTH JUDICIAL DISTRICT COURT, STATE OF IDAHO

## IN AND FOR VALLEY COUNTY

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | Case No. |
| Plaintiff, | **CLERK'S NOTICE OF ATTACHMENT (I.C. § 8-503(B))** |
| vs. | |
| A & M DEVELOPMENT, LLC, HANS J. ALBERT, VIRGINIA FAITH ALBERT, LEONARD DE LOS PRADOS, CAROL DE LOS PRADOS, COMPANIA INVERSORA CORPORATIVA S.A. De C.V., | |
| Defendants. | |

PLEASE TAKE NOTICE, pursuant to Idaho Code § 8-503(b), that the Clerk of the above-captioned Court has on this day issued its Writ of Attachment, directing counsel for Plaintiff Bank of America, N.A. to attach the real property described at **Exhibit A**. The said real property shall serve as security for any judgment Plaintiff obtains in this action.

DATED this 20 day of July 2011.

ARCHIE N. BANBURY
CLERK

CLERK OF COURT

CLERK'S NOTICE OF ATTACHMENT

## EXHIBIT A

## REAL PROPERTY TO BE ATTACHED

**All that certain lot, piece or parcel of land, situate in Valley County, Idaho, and shown as Lot 56 Block 13, Tamarack Resort Planned Unit Development Phase 2.1, a plat which is recorded in the office of the Recorder of Valley County, Idaho, and as may be amended from time to time.**

5163138_1.DOC

Robert A. Faucher (ISB No. 4745)
Patrick W. McNulty (ISB No. 8464)
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho 83701-2527
Telephone: (208) 342-5000
Facsimile: (208) 343-8869

Attorneys for Plaintiff Bank of America, N.A.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BANK OF AMERICA, N.A., a national banking association, | Case No. 1:11-CV-00036-BLW |
| Plaintiff, | BOND # **015033656** |
| vs. | **PLAINTIFF'S ATTACHMENT BOND** |
| A & M DEVELOPMENT, LLC, HANS J. ALBERT, VIRGINIA FAITH ALBERT, LEONARD DE LOS PRADOS, CAROL DE LOS PRADOS, and COMPANIA INVERSORA CORPORATIVA S.A. De C.V., | |
| Defendants. | |

Whereas the plaintiff Bank of America, N.A., desires to give an undertaking for a writ of attachment in this action as provided by I.C § 8-502;

Now therefore, the undersigned surety hereby obligates itself to pay defendant(s) A&M DEVELOPMENT, LLC, et al., any damages, not exceeding the amount of $200,000.00, they may sustain by reason of the writ of attachment if the court finally decides that Bank of America, N.A. was not entitled to the writ of attachment.

**In no event, however, shall the surety's obligation under this bond exceed the maximum aggregate sum of ($200,000.00).**

Subscribed and acknowledged before me this 25th day of July, 2011.

LIBERTY MUTUAL INSURANCE
COMPANY

By: _____
Name: Elana V. Sanchez
Attorney in Fact

BANK OF AMERICA, N.A.

By: _____
Name: DAVID B STRONG
Title: Vice President

EXHIBIT
B

2503952

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

### LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint **HARRY A. DINGER, JR., ELANA V. SANCHEZ, ALL OF THE CITY OF CRANFORD, STATE OF NEW JERSEY** ........

........................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100******************** DOLLARS ($ 50,000,000.00******** )** each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __13th__ day of __March__ , 2009.

LIBERTY MUTUAL INSURANCE COMPANY

By_____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA   ss
COUNTY OF MONTGOMERY

On this __13th__ day of __March__ , 2009 , before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2013
Member, Pennsylvania Association of Notaries

By_____
Teresa Pastella, Notary Public

CERTIFICATE

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this __25th__ day of

By_____
David M. Carey, Assistant Secretary

Annual Statement for the year 2009 of the ___ Liberty National Insurance Company

## ASSETS

| | Current Year | | | Prior Year |
|---|---|---|---|---|
| | 1 Assets | 2 Nonadmitted Assets | 3 Net Admitted Assets (Cols. 1 – 2) | 4 Net Admitted Assets |
| 1. Bonds (Schedule D) | | | | |
| 2. Stocks (Schedule D): | 11,492,788,691 | | 11,492,788,691 | 11,497,980,641 |
| 2.1 Preferred stocks | | | | |
| 2.2 Common stocks | 792,908,316 | | 792,908,316 | 787,492,741 |
| 3. Mortgage loans on real estate (Schedule B): | 6,129,500,022 | | 6,129,500,022 | 6,027,531,359 |
| 3.1 First liens | | | | |
| 3.2 Other than first liens | 818,802,738 | | 818,802,738 | 824,251,363 |
| 4. Real estate (Schedule A): | | | | |
| 4.1 Properties occupied by the company (less $ ___ encumbrances) | 207,726,586 | | 207,726,586 | 209,050,102 |
| 4.2 Properties held for the production of income (less $ ___ encumbrances) | 303,044 | | 303,044 | |
| 4.3 Properties held for sale (less $ ___ encumbrances) | | | | 1,598,540 |
| 5. Cash ($ ___, Schedule E – Part 1), cash equivalents ($ ___, Schedule E – Part 2), and short-term investments ($ ___, Schedule DA) | | | | |
| 6. Contract loans (including $ ___ premium notes) | 894,392,484 | | 894,392,484 | 894,896,860 |
| 7. Other invested assets (Schedule BA) | | | | |
| 8. Receivables for securities | 5,271,989,691 | 225,157 | 5,271,764,534 | 5,176,583,515 |
| 9. Aggregate write-ins for invested assets | 14,821,696 | | 14,821,696 | |
| 10. Subtotals, cash and invested assets (Lines 1 to 9) | | | | |
| 11. Title plants less $ ___ charged off (for Title insurers only) | 39,902,292,269 | 225,157 | 39,902,067,112 | 39,691,179,772 |
| 12. Investment income due and accrued | 735,050,727 | | 735,050,727 | 742,396,474 |
| 13. Premiums and considerations: | | | | |
| 13.1 Uncollected premiums and agents' balances in the course of collection | | | | |
| 13.2 Deferred premiums, agents' balances and installments booked but deferred and not yet due (including $ ___ earned but unbilled premiums) | 14,739,930 | | 14,739,930 | 18,389,761 |
| 13.3 Accrued retrospective premiums | 1,696,499,905 | | 1,696,499,905 | 1,694,597,360 |
| 14. Reinsurance: | 38,582,753 | 36,862,006 | 749,374,071 | 770,974,471 |
| 14.1 Amounts recoverable from reinsurers | | | | |
| 14.2 Funds held by or deposited with reinsured companies | 695,061,091 | | 695,061,091 | 695,182,901 |
| 14.3 Other amounts receivable under reinsurance contracts | 13,097,800 | | 13,097,800 | 13,987,661 |
| 15. Amounts receivable relating to uninsured plans | | | | |
| 16.1 Current federal and foreign income tax recoverable and interest thereon | 21,895 | 14,418 | 8,477 | 74,302,601 |
| 16.2 Net deferred tax asset | 705,122,000 | | 705,122,000 | 602,042,000 |
| 17. Guaranty funds receivable or on deposit | 3,705,301,681 | 704,890,491 | 1,000,411,190 | 995,307,848 |
| 18. Electronic data processing equipment and software | 30,895,003 | 30,895,003 | | |
| 19. Furniture and equipment, including health care delivery assets ($ ___) | 716,155,273 | 392,227,864 | 323,927,409 | 84,301,601 |
| 20. Net adjustment in assets and liabilities due to foreign exchange rates | 705,074,092 | 196,943,219 | | |
| 21. Receivables from parent, subsidiaries and affiliates | 705,952,973 | 218 | 705,952,645 | 705,386,660 |
| 22. Health care ($ ___) and other amounts receivable | | | | |
| 23. Aggregate write-ins for other than invested assets | 716,600,705 | 38,940,604 | 694,960,947 | 716,600,705 |
| 24. Total assets excluding Separate Accounts, Segregated Accounts and Protected Cell Accounts (Lines 10 to 23) | | | | |
| 25. From Separate Accounts, Segregated Accounts and Protected Cell Accounts | 35,491,142,993 | 639,784,485 | 34,851,428,508 | 35,246,705,169 |
| 26. Total (Lines 24 and 25) | 35,491,142,993 | 639,784,485 | 34,851,428,508 | 35,246,705,169 |

| DETAILS OF WRITE-INS | | | | |
|---|---|---|---|---|
| 0901. | | | | |
| 0902. | | | | |
| 0903. | | | | |
| 0998. Summary of remaining write-ins for Line 09 from overflow page | | | | |
| 0999. Totals (Lines 0901 through 0903 plus 0998) (Line 9 above) | | | | |
| 2301. Cash Surrender Value Life Insurance | 393,440,799 | | 393,440,799 | 394,440,699 |
| 2302. Amounts receivable under high deductible policies | 723,179,091 | 710,091 | 722,451,091 | 723,179,091 |
| 2303. Other assets | 597,114,497 | 38,294,697 | 272,381,497 | 593,007,591 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | 27,931,610 | | 27,931,610 | 28,942,205 |
| 2399. Totals (Lines 2301 through 2303 plus 2398) (Line 23 above) | 715,600,705 | 38,940,604 | 676,660,947 | 716,600,705 |

1

## LIABILITIES, SURPLUS AND OTHER FUNDS